IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL EMMETT WARR,
      Plaintiff,

vs.                               Case No.: 1:14cv202/MMP/MD

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]
      Defendant.
_____/

## REPORT AND RECOMMENDATION

      This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of this court relating to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401, *et seq.*  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Act for review of a final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401–34, and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–83.

      Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## I.    PROCEDURAL HISTORY

      On February 1, 2011, Plaintiff, Michael Emmett Warr, filed applications for DIB and SSI claiming disability beginning March 19, 2009 (Tr. 66).[2]  His applications were denied initially and

---

      [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Fed. R. Civ. P. 25(d), she is therefore automatically substituted for Michael J. Astrue as the Defendant in this case.

      [2] All references to "Tr." refer to the transcript of Social Security Administration record filed on December 19, 2014 (doc. 10).  Moreover, the page numbers refer to those found on the lower right-hand corner of each page of the transcript, as opposed to those assigned by the court's

on reconsideration, and thereafter Mr. Warr requested a hearing before an administrative law judge ("ALJ").  A hearing was held on February 8, 2013.  On May 7, 2013, the ALJ issued a decision in which she found Mr. Warr "not disabled," as defined under the Act, at any time through the date of her decision (Tr. 66–75).  On August 28, 2014, the Appeals Council denied Mr. Warr's request for review (Tr. 1).  Thus, the decision of the ALJ stands as the final decision of the Commissioner, subject to review in this court.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).  This appeal followed.

II.    FINDINGS OF THE ALJ

On May 7, 2013, (date of ALJ decision), the ALJ made several findings relative to the issues raised in this appeal (Tr. 66-75):

1)    Plaintiff meets the insured status requirements of the Act through December 31, 2013;

2)    Plaintiff has not engaged in substantial gainful activity since March 19, 2009, the alleged onset date;

3)    Plaintiff has the following severe impairments; lumbar spine disorder status-post laminectomy and hypertension;

4)    Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1;

5)    After careful consideration of the entire record, the ALJ finds that Plaintiff has the residual functional capacity to perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional restrictions.  Specifically, Plaintiff is limited to work allowing for a sit-stand option and change of position opportunity as often as every 30 minutes, work requiring only occasional balancing, stooping, kneeling, crouching, crawling, and the climbing of ramps and stairs.  Plaintiff can never perform tasks that require the use of ladders, ropes and scaffolds.  Plaintiff must avoid dangerous work hazards such as unprotected heights and exposed machinery.  Because of pain causing minor distractions, Plaintiff is limited to routine, uncomplicated tasks not requiring detailed decision-making or a production-rate pace.

---

electronic docketing system.

6)      Plaintiff is unable to perform any past relevant work;

7)      Plaintiff was born on September 6, 1962, and was 46 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date;

8)      Plaintiff has at least a high school education and is able to communicate in English;

9)      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills;

10)     Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; and

11)     Plaintiff has not been under a disability, as defined in the Act, from March 19, 2009, through the date of the decision

## III.    STANDARD OF REVIEW

Review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence from the record and was a result of the application of proper legal standards.  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."); *see also Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).  "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles."  *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983), *superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1214 (11th Cir. 1991).  As long as proper legal standards were applied, the Commissioner's decision will not be disturbed if in light of the record as a whole the decision appears to be supported by substantial evidence. 42 U.S.C. § 405(g); *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998); *Lewis*, 125 F.3d at 1439; *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  Substantial evidence is more than a scintilla, but not a preponderance; it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)); *Lewis*, 125 F.3d at 1439.  The court may not decide the facts anew, reweigh the  evidence, or substitute its judgment for that of the Commissioner.  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).   Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence.  *Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do her/his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id*. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)–(g), the Commissioner analyzes a disability claim in five steps:

1.      If the claimant is performing substantial gainful activity, he is not disabled.

2.      If the claimant is not performing substantial gainful activity, his impairments must be severe before he can be found disabled.

3.      If the claimant is not performing substantial gainful activity and he has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if his impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4.      If the claimant's impairments do not prevent him from doing his past relevant work, he is not disabled.

5.      Even if the claimant's impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The claimant bears the burden of establishing a severe impairment that keeps him from performing his past work.  20 C.F.R. § 404.1512.  If the claimant establishes such an impairment,

the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must then prove he cannot perform the work suggested by the Commissioner.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

IV.    PLAINTIFF'S MEDICAL HISTORY

Mr. Warr suffered a low back injury in a motor vehicle accident in the summer of 2009.  In September of that same year he had a laminectomy and discectomy in his lumbar spine (Tr. 352, 361-64).  At three month follow-up Mr. Warr's treating physician, Dr. Trimble, stated that "there are no restrictions that need to be set and [Mr. Warr] himself asked that he be returned to work without restrictions at his last office visit." (Tr. 71, 346).  Dr. Trimble noted that Mr. Warr's surgery would not cause any future limitations, stating that professional athletes return to their respective sports after this type of lumbar surgery (Tr. 346).  When asked about his pain symptoms on February 11, 2010, five months post-surgery, Mr. Warr replied, "It is a lot better."  (Tr. 71, 344).  Mr. Warr reported "occasional" left buttock pain "but otherwise reports marked improvement in his left leg pain." (Tr. 71, 344).  Dr. Trimble felt that Mr. Warr could return to work after his surgery.

Two years later Mr. Warr began seeing Dr. Jesse Lipnik, a rehabilitation specialist, for back and leg complaints.  Mr. Warr was seen by Dr. Lipnick through May 2013.  He was also often seen by registered nurse practitioners in Dr. Lipnick's service.  During various examinations Mr. Warr's gait was often noted to be stable and his balance good (Tr. 428, 455), and he denied weakness (Tr. 468).  On July 15, 2013, an ARAP noted that motor strength was normal without neurologic deficits (Tr. 473).

Dr. Lipnick saw Mr. Warr a total of five times over sixteen months but provided only conservative treatment.[3]  On August 24, 2012, Dr. Lipnick completed a form in which he checked the box for the most severe limitation in every possible category.  He indicated Mr. Warr could frequently and occasionally lift less than ten pounds, could stand and walk for less than two hours

---

[3]Early in his care of Mr. Warr, Dr. Lipnik noted that he would like to do "a significant workup," but could not due to financial concerns (due to Mr. Warr's lack of insurance) (Tr. 418, 420).

in an 8-hour workday, and could sit for less than six hours in an 8-hour workday.  Dr. Lipnick also opined that Mr. Warr could never perform any postural activities, was limited in all environmental categories, and was limited in his ability to see, hear, and speak (Tr. 421-23).

Lance Chodosh, M.D., performed an independent medical examination at the Commissioner's request on August 11, 2011.  Mr. Warr was found to be slightly nearsighted but his vision was otherwise normal.  His balance was normal but he walked slowly "as if with pain" (Tr. 408) and limped favoring his left leg.  Dr. Chodosh attempted an activity assessment, but Mr. Warr complained of pain, so the assessment was stopped.  Dr. Chodosh concluded that Mr. Warr had chronic back pain without signs of significant impairment, and that he could stand, walk, sit, bend at the waist, squat, kneel, lift and carry (Tr. 406-413).

V.      DISCUSSION

Mr. Warr's sole claim for appellate relief is that the ALJ erred in failing to give great weight to Dr. Lipnick's opinions.[4]  Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).  "Good cause" for discounting the opinion of a treating physician exists when:  (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  *Phillips,* 357 F.3d at 1241; *see also Lewis*, 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight.

---

[4]In the heading for his sole argument, Mr. Warr states that the ALJ erred in not considering his obesity as a disabling factor, but Mr. Warr did not discuss this issue anywhere in his brief (other than using the words "obese man" in the very beginning of his argument) and therefore waived the issue. See *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

20 C.F.R. § 404.1527(d)(2).  Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987).  When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical impairments at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R. 404.1527(d).  A brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability.  *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).

"When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Phillips*, 352 F.3d at 1241.   Failure to do so is reversible error.  *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986));[5] *see also Nyberg v. Comm'r of Soc. Sec.*, 179 Fed.Appx. 589, 591 (11th Cir. 2006) (Table, text in WESTLAW)(also citing *MacGregor*).

In formulating her decision, the ALJ in this case addressed the findings of the various medical providers in detail.  She noted the statement by the surgeon, Dr. Trimble, that Mr. Warr should have no restrictions, but found that his statement was too broad.  She therefore accorded Dr. Trimble's opinion only some weight, which supported a finding that Mr. Warr could not engage in medium or heavy exertion.  He also noted that Dr. Trimble had seen  scarring on a post-operative MRI, so he was obviously on notice of that condition (Tr. 71).

The ALJ then found that Dr. Lipnick's opinion was not supported by medically acceptable clinical and laboratory techniques, and was inconsistent with other substantial evidence (Tr. 72). The ALJ based this on more recent findings of normal neck, gait and station, normal range of motion

---

[5]*MacGregor* further held that "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." 786 F.2d at 1053.

and normal neurologic examination.  These various findings (by professionals in his office) conflicted with Dr. Lipnick's opinion that Mr. Warr was prevented from performing essentially any postural activities or from standing or walking fewer than two hours during a workday.  The ALJ also noted that Dr. Lipnick included several environmental, visual, auditory and communications restrictions, yet Mr. Warr was clearly able to see, speak and hear at his hearing  (Tr. 71-73).  Finally, the ALJ noted that Dr. Chodosh's  findings, including normal strength, normal balancing and no muscle spasms, were greatly at odds with the opinions of Dr. Lipnick.  The ALJ therefore concluded that the overall medical evidence disclosed fewer limitations than opined by Dr. Lipnick, but more then opined by Dr. Chodosh.

The ALJ then found that Mr. Warr, at age 46, with a high school education, was capable of light work, with restrictions.  Specifically, he could work as a cashier, ticket seller or ticket taker, particularly considering the testimony of the vocational expert that these jobs permitted the use of stools, chairs, wireless headsets and work stations that can be raised or lowered, such that a sit/stand option is no longer required in the workplace for these jobs.

Given the subjective complaints voiced by Mr. Warr, a finding of disabled could easily be supported.  However, it is not this court's function to second-guess findings of fact by the ALJ. There was substantial evidence in the medical record to support the ALJ's ultimate determination. "In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings."  *Hunter v. Social Security Administration, Commissioner,*  808 F.3d 818, 822 (11th Cir. 2015) citing *Black Diamond Coal Min. Co.*, 95 F.3d 1079, 1082 (11th Cir. 1996).  The ALJ found that Mr. Warr was able to perform light work with restrictions, and her finding was supported by substantial record evidence.  Mr. Brooks has failed to show that the ALJ applied improper legal standards, erred in making her findings, or that any other ground for reversal exists.  For the foregoing reasons, the Commissioner's decision is supported by substantial evidence and should not be disturbed.  42 U.S.C. § 405(g); *Lewis*, 125 F. 3d at 1439; *Foote*, 67 F.3d at1560.

It is therefore respectfully **RECOMMENDED**:

That the decision of the Commissioner be **AFFIRMED**, that this action be **DISMISSED,**

and that the clerk be directed to close the file.

At Pensacola, Florida this 19th day of February 2016.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.